IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD F. WINNETT**                                                                 **PETITIONER**

No. 4:24-cv-00410 JM/PSH

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                              **RESPONDENT**

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Donald F. Winnett ("Winnett") brings this habeas corpus petition pursuant to

1

28 U.S.C. § 2254.[1] He entered a guilty plea in the Circuit Court of Saline County to the rape of his fifteen-year old stepdaughter and was sentenced to 240 months' imprisonment on August 6, 2007.[2] Winnett claims he is being denied meritorious good time credit in violation of his constitutional rights to due process and equal protection. More specifically, Winnett believes he is entitled to good time credit which would entitle him to release since he has served 70% of his sentence. He also appears to claim that he only recently became aware of the availability of this claim for relief.

Respondent Dexter Payne ("Payne") contends this claim is without merit because the statute in effect when Winnett was sentenced provides that he was not eligible for the award of good time credits. *See* Ark. Code Ann. § 16-93-618(d). Payne also posits there are other valid reasons why this Court should not address the merits of Winnett's claim.

---

[1] Winnett styled his petition as one for relief pursuant to 28 U.S.C. § 2241. However, a prisoner in custody pursuant to the judgment of a state court may not use § 2241 to challenge his state conviction, state sentence, or the execution of his state sentence. *Singleton v. Norris*, 319 F.3 1018, 1022-23 (8th Cir. 2003); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001); *Croady v. Vaughn*, 251 F.3d 480, 485 (3rd Cir. 2001). Section 2254 is the only means by which a prisoner in custody pursuant to the judgment of a state court can make such a challenge.

[2] The Judgment and Commitment Order reflects Winnett was given 435 days of jail time credit. Doc. No. 39-3, page 2.

First, Payne notes that this petition might be viewed as successive, since Winnett sought habeas corpus relief in 2013. *See Winnett v. Hobbs*, No. 5:13-cv-00126. In order to pursue a successive petition, Winnett would be first required to obtain permission from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3).

Second, Payne argues in the alternative that Winnett's petition should be dismissed as untimely, as was his earlier habeas petition.

While the petition might be dismissed as successive or untimely, the Court finds another basis for dismissal – Winnett has failed to exhaust his available state court remedies. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. 1981). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id.* However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court. *Powell v. Wyrick*, 621 F.2d 921, 923 (8th Cir. 1980). In addition, a federal court should defer action only "if there is some

reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224.

In Arkansas, an inmate can challenge entitlement to meritorious good time by filing a petition for declaratory judgment and for writ of mandamus. *See, e.g., Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998); *Carroll v. Payne*, 2023 Ark. 125, 674 S.W.3d 733 (inmate challenging ADC's denial of eligibility for parole). In *Ballard v. Arkansas Post Prison Transfer Bd.*, 2007 WL 4404018 (W.D. Ark.), an inmate sought federal habeas relief related to the denial of parole, and the Court explained:

> In this case Petitioner has several avenues to proceed in state court. Petitioner may seek review of the denial of parole by petition for writ of *mandamus* in state court. *See Morris v. State,* 333 Ark. 466, 970 S.W.2d 210 (1998) (petition for writ of *mandamus* and declaratory relief challenging parole eligibility date). He may also pursue a declaratory judgment in the state courts of Arkansas. *See Gilmer v. Massey,* 303 Ark. 634, 799 S.W .2d 526 (1990) (addressing inmate's federal equal protection, due process and ex post facto claims regarding calculation of parole in action seeking declaratory judgment and writ of *mandamus*). In an unpublished opinion the United States Court of Appeals for the Eighth Circuit has held "Arkansas inmates who disagree with the computation of their parole eligibility and release dates can file actions for declaratory judgment and mandamus against ADC to have their records corrected." *Shabazz v. Norris,* 76 F.3d 382 (8th Cir. 1996) (unpublished).

Winnett's claim in this case is that the proper construction of the Arkansas statutes and case law would result in his immediate release. This claim would appear

to be cognizable in state court. If a state procedure is available,[3] it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Winnett can challenge the calculation of his sentence in state court by seeking declaratory relief and a writ of mandamus. He has not filed such an action raising this ground for relief.

While Payne's other arguments – that the petition is successive, that it is time-barred, and that it fails on the merits -- may be well-founded, the Court need not address them at this time due to Winnett's failure to exhaust available state court remedies.

For these reasons, the Court recommends the petition be dismissed without prejudice to allow Winnett to exhaust his state court remedies. As a result, the numerous pending motions filed by Winnett (Doc. Nos. 27, 29, 34, 41, 42, 43, 44, 46, 48, and 51) are moot.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of

---

[3] The *availability* of the state procedure is the key. "The question is usually whether state law provides any presently available state procedure for determining the merits of the petitioner's claim; not whether the state court would decide in favor of the petitioner on the merits." *Snethen v. Nix*, 736 F.2d 1241, 1245 (8th Cir. 1984).

appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability should be denied.

    IT IS SO RECOMMENDED this 10th day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE