IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD F. WINNETT**                                                                                   **PETITIONER**

**4:24-CV-00410 JM/PSH**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction ("ADC")**                                               **RESPONDENT**

## ORDER

I have received and reviewed the proposed Findings and Recommendations from United States Magistrate Judge Patricia S. Harris. (Doc. No. 52). Mr. Winnett has filed objections, which I have reviewed. I have also carefully reviewed the record in this case, every filing to date,[1] de novo.

In response to Mr. Winnett's argument that he filed this litigation pursuant to 28 U.S.C. § 2241 and not 28 U.S.C. § 2254, the Eighth Circuit Court of Appeals has foreclosed this argument. In distinguishing between prisoners in federal custody versus state custody, the Court has held:

> We recently considered the application of § 2244's restrictions on successive habeas applications to a state prisoner's application brought under § 2241. *Crouch v. Norris,* 251 F.3d 720 (8th Cir.2001). Crouch applied to this court for permission to file a second habeas petition, claiming that the state had violated his due process rights by refusing to grant him parole. *Id.* at 722. Crouch argued that because he was not challenging the validity of his conviction or sentence but only the manner in which it was carried out, his claim was properly brought under § 2241 and was not subject to the restrictions in § 2244. *Id.* at 722–23. We considered several cases which held that a federal prisoner may challenge the manner of execution of his sentence by bringing his petition under § 2241 rather than § 2255. *Id.* at 722–23. Section 2255, governing federal prisoners, contains narrower language than that in § 2254, which governs state prisoners. The focus of § 2254 is on the petitioner's custody, not, as in § 2255, on flaws in the underlying judgment or sentence. *Id.* at 723. Thus, § 2254 is the only means by which "a person in custody pursuant to the judgment of a State court" may raise

---

[1] Through Doc. No. 56, filed this morning.

<u>challenges to the validity of his conviction or sentence or to the execution of his sentence.</u> *Id.*

*Singleton v. Norris*, 319 F.3d 1018, 1022–23 (8th Cir. 2003) (emphasis added). *See also Williams v. Kelley*, 858 F.3d 464, 473 (8th Cir. 2017). Thus, as a prisoner in state custody who is challenging the manner in which the state is carrying out his sentence—regardless of the statute he wants to proceed under—Mr. Winnett may only proceed pursuant to § 2254.

Mr. Winnett's argues that the state "disobeyed" two separate court orders by not answering his petition. He is incorrect. The initial order and the order extending the state's time (Doc. Nos. 6 and 15) set the deadline for the state to "file an answer, motion, or other response" to Mr. Winnett's petition for habeas corpus. The state's Response to Petition for Habeas Corpus (Doc. No. 39) was filed two days before to the deadline set by the court. His argument may be that the state did not respond because it did not address his arguments regarding Ark. Code Ann. § 12-29-204 regarding "statutory good time." A failure to address every argument is not, however, a failure to respond and is in no way a refusal to answer.

Regarding his claim about statutory good time, Act 1962 of the 2005 Regular Session of the Arkansas General Assembly made the following change to Ark. Code Ann. § 12-29-204, omitting the language which is stricken though:

> ~~Those inmates sentenced to the Department of Correction prior to April 2, 1971, shall be entitled to "statutory good time" as provided in Acts 1968 (1st Ex. Sess.), No. 50, § 14 [repealed], provided~~ No inmate shall ever receive a reduction under this subchapter, or this subchapter and another subchapter jointly, of more than thirty (30) days for each month served.

ARKANSAS CODE OF 1987 ANNOTATED—VARIOUS CORRECTIONS, 2005 Arkansas Laws Act 1962 (H.B. 2617). Mr. Winnett was sentenced in 2007. At the time he was sentenced,

$12-29-204 acted to set a maximum reduction allowed as a reduction in an inmate's transfer eligibility date, not a mandatory entitlement to statutory good time.

Finding no merit in Mr. Winnett's objections, I conclude that the Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this court's findings in all respects. Judgment will be entered accordingly.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, the certificate of appealability is denied.

Mr. Winnett is advised that the court will not respond to any additional filings he may submit on these issues. He has had ample opportunity to make his case.

IT IS SO ORDERED this 25th day of July, 2024.

_____
UNITED STATES DISTRICT JUDGE